## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT  19 - 16 98A

| | | |
|---|---|---|
| ALEXANDRA MACASKILL; on behalf of herself and all others similarly situated; | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. |
| GRAND CIRCLE TRAVEL, INC.; MARK C. FREVERT, individually; ALAN E. LEWIS, individually; | ) ) ) ) | |
| Defendants. | ) ) | |

### CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Alexandra Macaskill asserts the following class action complaint on behalf of herself and all other similarly situated individuals against Defendants Grand Circle Travel, Inc., Mark C. Frevert, and Alan E. Lewis.

### PARTIES

1.     Plaintiff Alexandra Macaskill is an individual residing in Weymouth, MA. Defendants employed Plaintiff from in or about October 2017 until in or about May 2018 in Boston, MA.

2.     Defendant Grand Circle Travel, Inc. ("GCT") is a corporation with a principal office located at 347 Congress Street, Boston, MA 02210.

3.     Defendant Mark C. Frevert is the President of GCT.  Upon information and belief, Mr. Frevert is a resident of Massachusetts.

4.     Defendant Alan E. Lewis is the Treasurer of GCT.  Upon information and belief, Mr. Lewis is a resident of Massachusetts.

## JURISDICTION

5.      This action arises under Massachusetts General Laws c. 149, §§ 148, 150, c. 151, §§ 1A-1B.

6.      In compliance with M.G.L. c. 149, § 150, a Non-Payment of Wage and Workplace Complaint Form was filed for Plaintiff with the Massachusetts Office of the Attorney General prior to initiating this action.

7.      This court has original jurisdiction over this matter, as it is a civil action in which the amount in controversy is more than $25,000.

8.      Venue in the Suffolk Superior Court is proper because Plaintiff performed services for Defendants in Suffolk County, Massachusetts, and one or more Defendants are residents of Suffolk County, Massachusetts.

## FACTS

9.      GCT is a travel agency

10.     GCT sells travel packages to members of the public.

11.     GCT sells travel packages to residents of Massachusetts and other states.

12.     During each of the three years preceding the filing date of this action, GCT has had an annual dollar volume of sales or business done of at least $500,000.

13.     GCT employed Plaintiff as an inside sales representative between in or about October 2017 until in or about May 2018.

14.     GCT classified Plaintiff as non-exempt for purposes of receiving overtime compensation.

15.     GCT informed Plaintiff that she was entitled under Massachusetts law to receive an hourly rate equal to one and one-half times her regular hourly rate for any hours that she worked in excess of 40 during a workweek.

2

16.     Plaintiff's base pay was intended to compensate her for 37.5 hours each workweek.

17.     40 or more other inside sales representatives (the "class members") also received base pay that was intended to compensate them for 37.5 hours each workweek.

18.     GCT paid Plaintiff various forms of incentive pay, such as commissions and bonuses, to Plaintiff.

19.     GCT paid various forms of incentive pay, such as commissions and bonuses, to 40 or more other inside sales representatives.

20.     GCT paid Plaintiff various shift differentials.

21.     GCT paid various shift differentials to 40 or more other inside sales representatives.

22.     During the three years preceding the filing date of this action, GCT employed 40 or more different people an inside sales representative.

23.     Plaintiff worked in excess of 40 hours in a week during one or more workweeks.

24.     During the three years preceding the filing date of this action, 40 or more different inside sales representatives worked in excess of 40 hours in a week during one or more workweeks.

25.     During any week in which Plaintiff or other inside sales representatives worked in excess of 40 hours, it was GCT's uniform practice and policy to pay overtime wages to them at an hourly rate equal to one and one-half times the regular hourly rate that the company paid them for non-overtime hours, regardless of whether they had earned or were paid any incentive pay.

26.     GCT did not include incentive pay in the regular hourly rate for purposes of calculating the overtime pay rate.

27.     This practice and policy resulted in Plaintiff and the other class members not receiving all of the overtime wages that they earned.

28.     GCT improperly paid overtime wages to Plaintiff and the class members at an

hourly rate equal to one and one-half times the base hourly rate that the company paid them for

non-overtime hours.

29.     Instead, GCT was required to pay overtime wages to Plaintiff and the class

members using their regular hourly rate, which is determined by dividing the total remuneration

that Plaintiff and the class members received in any workweek, including any incentive pay or

shift differentials, by the total number of hours actually worked by them in that workweek for

which such compensation was paid.

30.     By paying overtime wages to Plaintiff and the class members using their base hourly

rate that did not account for any incentive pay or shift differentials that they earned during a

workweek in which such compensation was paid, GCT failed to pay Plaintiff and the class members

all of the overtime wages that they were entitled to receive.

## CLASS ALLEGATIONS

31.     Pursuant to M.G.L. c. 149, § 150, M.G.L. c. 151, §§ 1B and 20, and Mass. R. Civ.

P. 23, Plaintiff brings this action on behalf of herself and a putative class of all individuals whom

GCT employed as an inside sales representative within the relevant limitations period.

32.     On information and belief, GCT has subjected Plaintiff and the class members to

uniform policies and practices regarding the services they perform, their compensation, and the

hours that they worked.

33.     During the past three years, GCT has employed 40 or more class members in

Massachusetts.

34.     Joinder is impracticable in this case due to the size and composition of the class,

and nature of the claims and relief sought, the remedial purpose of the underlying claims, and

4

because individual joinder would be inefficient, uneconomical, and could result in the deprivation of wage rights to aggrieved employees.

35.     There are issues of law and fact common to all class members, because Defendants' practices similarly affected all class members. The common questions of law and fact predominate over any questions affecting individual class members. The predominant questions of law or fact are clear, precise, well defined, and applicable to Plaintiff as well as every absent member of the proposed class.

36.     The claims of Plaintiff are typical of the claims of all members of the class, because all members of the class were subject to the same unlawful practices and suffered similar harms.

37.     Plaintiff will fairly and adequately represent the interests of the class because she does not have a conflict of interest with the class members. The undersigned counsel will fairly and adequately represent the class members' interests because they have substantial experience in this field.

38.     A class action is superior in this case for several reasons including, but not limited to, the following: the case challenges Defendants' uniform compensation practices and policies; many workers may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

## Count I
## Massachusetts Wage Act, M.G.L. c. 149, §§ 148, 150

As described above, Defendants violated M.G.L. c. 149, § 148 because it did not pay Plaintiff and the class members all of the wages they were entitled to receive under 29 U.S.C. §

207(e) and 29 C.F.R. §§ 778.108, 778.109.  This claim is brought pursuant to M.G.L. c. 149, § 150.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims.

**WHEREFORE,** Plaintiff seeks judgment against Defendants as follows:

1.    Certification of this case as a class action pursuant to Mass. R. Civ. P. 23 and M.G.L. c. 149, § 150. Plaintiff seeks certification of a class that includes all persons who GCT employed in Massachusetts as an inside sales representative during the relevant limitations period.

2.    All damages to which Plaintiff and the class are entitled under Massachusetts law.

3.    Statutory trebling of damages, pursuant to Massachusetts law.

4.    Attorney fees, costs, and interest as allowed by law.

5.    Such other and further relief as the Court may deem proper and just.

PLAINTIFF ALEXANDRA MACASKILL,
on behalf of herself and all others similarly situated,

By her attorneys,

Brook S. Lane, BBO#678742
Brant Casavant, BBO#672614
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
T: 617-607-3260
brook@fairworklaw.com
brant@fairworklaw.com

Dated: May 24, 2019

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984 CV01698

_Alexandra Macaskill_, PLAINTIFF(S),

v. _Grand Circle_

_Travel, Inc., et al._, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Mark C. Frevert_ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, _Superior_ Court, _3 Pemberton Squa Boston, MA 02108_ (address), by mail or in person, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Brook Lane, Fair Work, P.C., 192 South St., Suite 450, Boston, MA 02111_

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest:
6/28/19   Deputy Sheriff Suffolk County

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

   I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20____      Signature: _____

N.B.   TO PROCESS SERVER:

   PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984 CV01698

Alexandra Macaskill , PLAINTIFF(S),

v. Grand Circle

Travel, Inc., et al. , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO Grand Circle Travel, Inc. . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, Superior Court, 3 Pemberton Squar Boston, MA 02108 (address), by mail or in person, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Brook Lane, Fair Work, P.C., 192 South St., Suite 430, Boston, MA 02111

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest:
6/29/19    Deputy Sheriff Suffolk County

4.   **Legal Assistance**. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings**: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

_____

Dated: _____, 20____          Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984CV01698

_Alexandra Macaskill_ , PLAINTIFF(S),

v. _Grand Circle_

_Travel, Inc., et al._ , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Alan E. Lewis_ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, _Superior_ Court, 3 Pemberton Square, _Boston, MA 02111_ (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Brook Lane, Fair Work, P.C., 192 South St., Suite 450, Boston, MA 02111_

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

A true copy attest:
6/28/19                    Deputy Sheriff Suffolk County

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20_____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.


# PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20_____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

_____

Dated: _____, 20_____   Signature: _____


N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.